**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| In re: | ) |
| Yobani R. Ferman, | ) Case No. 21-12048-KHK |
| Debtor. | ) Chapter 7 |
|  | ) |

**MOTION TO REOPEN CHAPTER 7 CASE**

PNC Bank, N.A. ("PNC"), a garnishee of funds belonging to Yobani R. Ferman ("Debtor"), the debtor herein, by and through the undersigned counsel, pursuant to 11 U.S.C. §350(b), Rule 5010 of the Federal Rules of Bankruptcy Procedure and Local Rule 5010-1, respectfully files this *Motion* ("Motion") requesting an order reopening the above-captioned case so that PNC may file an Adversary Proceeding seeking declaratory judgment as to whether certain funds contained in the Debtor's bank accounts that were garnished by Virginia Village Owner LLC ("VVO"), a creditor herein, were (i) properly exempted by the Debtor, and (ii) subject to the discharge imposed in this case, and in support thereof states as follows:

**I.      INTRODUCTION**

Prior to the commencement of this closed case, VVO obtained a judgment against the Debtor, domesticated the judgment in the District Court of Maryland for Prince George's County, and served a garnishment writ upon PNC with the intention of garnishing the Debtor's bank account(s). Subsequent to service of the garnishment, Debtor commenced this case, identified VVO as an unsecured creditor, provided notice of the case to VVO (including that VVO was listed as an unsecured creditor), and claimed any and all funds maintained in his PNC bank accounts as exempt. VVO did not challenge its designation as an unsecured creditor in the Bankruptcy, nor did it challenge Debtor's exemption of the funds in the PNC accounts. Debtor subsequently received a discharge of all debts, including those owed to VVO, and PNC thereafter released the bank account funds to Debtor.

Robert M. Marino, Esq.  VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-879-2676 (Direct)
703-684-5109 (fax)
rmmarino@rpb-law.com
Local Counsel for PNC Bank, N.A.

Sarah S. Mattingly, Esq.
Dinsmore & Shohl LLP
PNC Tower
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Phone: 859-425-1096
Email: sarah.mattingly@dinsmore.com
Lead Counsel for PNC Bank, N.A.

VVO did not participate in this case, did not file an objection to the Debtor's exemption claims, and did not challenge Debtor's discharge. Nevertheless, VVO filed post-discharge a show cause motion in the District Court seeking to hold PNC in contempt for releasing the bank accounts funds to the Debtor. Although the District Court entered a ruling in PNC's favor, VVO appealed the ruling to the Circuit Court for Prince George' County, which reversed the lower court ruling and entered judgment against PNC in the amount of the judgment obtained against the Debtor.

Notwithstanding the discharge of VVO's judgment and the exemption of the subject funds, VVO has continued its efforts to collect from PNC pursuant to the Circuit Court's judgment. PNC therefore requires relief from this Court to stop VVO's continuing subversion of the Bankruptcy Code.

PNC therefore timely seeks to reopen the instant case so that it may file an adversary proceeding seeking declaratory judgment from this Court that VVO was not entitled to pursue payment from PNC because VVO's judgment claim was discharged and the funds in the bank accounts were properly and fully exempted by the Debtor.

## II.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O). The statutory predicate for the relief requested in this *Motion* is 11 U.S.C. §350(b).

## III.     FACTUAL AND PROCEDURAL BACKGROUND

2.     On July 19, 2019, subsequent to obtaining a foreign judgment against the Debtor in the amount $8,820.07 (the "Judgment"), VVO recorded the Judgment with the District Court of Maryland for Prince George's County (the "District Court"), which opened Case No. 0502-21661-2019 (the "District Court Proceeding").

3.     On October 14, 2021, VVO filed and served PNC with a Writ of Garnishment (the "Writ") in the District Court Proceeding. The writ was directed to the Debtor's bank accounts at PNC.

4. On November 22, 2021, PNC filed a Confession of Assets in the District Court Proceeding, admitting to holding property in the name of the Debtor. It also placed a hold or freeze on the accounts identified in the Writ.

5. On December 20, 2021, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. H. Jason Gold (the "Trustee") was appointed as Chapter 7 Trustee. Schedule F of the *Schedules of Assets and Liabilities* (Docket No. 1) (the "Schedules") prepared and filed by the Debtor in this case identified VVO as an *unsecured creditor* holding a claim with an estimated balance of $7,574.84. *See* Docket No. 1 at p. 24 of 51. VVO did not challenge Debtor's designation of its debt as unsecured, nor did it file a proof of claim.

6. Notice of the commencement of the instant case was provided to VVO and its current counsel through the Bankruptcy Noticing Center. *See* Docket No. 5 and Certificate of Notice attached thereto. On December 28, 2021, the Debtor also filed a Suggestion of Bankruptcy in the District Court Proceeding.

7. PNC was also listed as an unsecured creditor in this case (for a nominal amount of credit card debt) and received its own notice of the case on December 27, 2021.

8. Schedule A/B of the *Schedules* listed three bank accounts (one checking account and two savings accounts) at PNC (collectively, the "PNC Accounts"), with total deposits of $15,900. *See* Docket No. 1 at p. 12 of 51.

9. Schedule C of the *Schedules* asserted exemptions by the Debtor for the full balance of the PNC Accounts (the "Exemptions"). *See* Doc. 1 at p. 16 of 51. The Debtor relied upon Virginia Code §§34-4, 34-13, 34-18 and 34-20 as the bases for his exemptions. VVO did not file an objection, timely or otherwise, with respect to the Exemptions.

10. On February 9, 2022, the Trustee filed a Report of No Distribution in this case. *See* Docket No. 12.

11. On March 29, 2022, Debtor received a Discharge in this case (Docket No. 14) (the "Discharge"). Notice of the Discharge was sent to all creditors, including VVO and its counsel. *See* Docket No. 15. Section 727(b) of the Bankruptcy Code provides that "a discharge . . . discharges the debtor from all debts that arose before the date of the order for relief . . . ." 11 U.S.C. § 727(b). Accordingly, on March 29, 2022, Debtor's personal liability for VVO's judgment was discharged and any further action was barred by the injunction imposed by 11 U.S.C. § 524.

12. On April 1, 2022, the instant case was closed. *See* Docket No. 16.

13. On May 20, 2022, two months after entry of the Discharge and the closing of the instant case, VVO filed a Motion for Judgment-Garnishment in the District Court Proceeding, seeking an order directing PNC to disburse the funds held in the PNC Accounts.

14. On May 23, 2022, PNC received a letter from Debtor's bankruptcy counsel notifying PNC of the entry of the Discharge and advising that any further attempt by VVO to collect on its judgment would constitute a violation of the Discharge.

15. On June 3, 2022, based upon the entry of the Discharge and the subsequent letter received from the Debtor's counsel, PNC released the funds in the PNC Accounts to the Debtor.

16. On November 8, 2022, after learning that PNC had released the PNC Accounts, VVO filed a Request for Show Cause Order for Contempt in the District Court Proceeding. On January 13, 2023, the District Court issued a Show Cause Order for Contempt (the "Show Cause Order") and directed that PNC appear at a hearing scheduled for February 16, 2023.

17. Following receipt of the Show Cause Order, counsel for PNC reached out to counsel for VVO to request that the Show Cause Order be withdrawn because of the facts and circumstances arising in the instant bankruptcy case, including the scheduling of the PNC Accounts as fully exempt and the entry of the Discharge. Counsel for VVO refused to comply.

18. On February 9, 2023, PNC filed a response to the Order to Show Cause. A hearing was conducted in the District Court Proceeding on February 16, 2023.

4

19. On June 9, 2023, prior to receiving any ruling in connection with the Show Cause Order, VVO filed a Motion for Appropriate Relief (the "Motion for Appropriate Relief") in the District Court Proceeding, asserting additional legal arguments for its position that PNC should not have released the funds in the PNC Accounts.

20. On June 23, 2023, the District Court entered an Order (the "Denial Order") denying VVO's Motion for Appropriate Relief.

21. On July 6, 2023, VVO filed a Notice of Appeal, thereby appealing the Denial Order to the Circuit Court for Prince George's County (the "Circuit Court").

22. On April 3, 2024, following appellate proceedings conducted in the Circuit Court, the Circuit Court entered an Order and Judgment reversing the District Court and directing judgment against PNC in the amount of $8,661.38. The Circuit Court provided no basis for its ruling.

## IV.   LEGAL STANDARD

23. Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). *See e.g., Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984).

24. The decision to reopen a bankruptcy case is within the broad discretion of this Court under Section 350(b) of the Bankruptcy Code. *See e.g., Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984) ("Section 350(b)] is phrased in permissive language, and we think it would do violence to the statute either to say that a closed case must be reopened or that a closed case may never be reopened."); *In re Mustafa,* No. 16-25438-TJC, 2022 Bankr. LEXIS 697, at *9 (Bankr. D. Md. Mar. 17, 2022); *Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242, 245 (3d Cir. 1980); *Urbanco, Inc. v. Urban Systems Streetscape, Inc.,* 111 B.R. 134 (W.D. Mich. 1990).

25. The rule in the Fourth Circuit is that "the right to reopen a case depends upon the circumstances of the individual case . . . the decision whether to reopen is committed to the court's

5

discretion." *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326 (4th Cir. 1984); *In re Stecklow*, 144 B.R. 314, 315 (Bankr. D. Md. 1992).

26. The moving party has the burden of proof to demonstrate that the underlying cause of action is likely to be sustained on the merits. *In re Jones*, 174 B.R. 67, 69 (Bankr. N.D. Ohio 1994); *In re Hardy*, 209 B.R. 371, 373 (Bankr. E.D. Va. 1997).

### V.  LEGAL ARGUMENT

27. The Court should reopen the instant Chapter 7 case to confirm the legal effect of the Debtor's exemption of the PNC Bank Accounts and to prevent VVO's continuing violation of the Discharge.

28. "After the individual chapter 7 debtor meets his obligations under the Code, he is discharged from all debts that arose before he filed his bankruptcy case, with exceptions not relevant here." *Id.* at 267 (citing 11 U.S.C. § 727(b)). "The bankruptcy discharge operates as an injunction to prevent any entity from starting or continuing an act to collect a discharged debt as a personal liability of the debtor." *Id.* (citing 11 U.S.C. § 524(a)(2)). "Congress explained its reasoning behind putting the injunction in place in this way: 'The injunction is to give complete effect to the discharge and ... to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it.'" *Id.* (citations omitted). "Although there is no private right of action for a violation of the discharge injunction, a debtor may bring civil contempt charges against an offending entity." *Id.* at 267 (citing *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 422-23 (6th Cir.2000)). "A bankruptcy court may invoke its statutory contempt powers of § 105(a) to enforce a discharge injunction." *In re Dynamic Tours & Transp., Inc.*, 359 B.R. 336, 342 (Bankr. M.D. Fla. 2006). 11 U.S.C. § 524 does not explicitly authorize monetary relief, however "[T]he modern trend is for courts to award actual damages for violation of Section 524 based on the inherent contempt power of the court." *Id.* at 343 (quoting *Hardy By and Through Internal Revenue Serv. v. United States (In re Hardy),* 97 F.3d 1384, 1388-89 (11th Cir.1996)). If contempt is established, the injured party may be able to recover damages as a sanction for the contempt. *See Chambers v. GreenPoint Credit (In re Chambers),* 324 B.R.

6

326, 329 (Bankr.N.D.Ohio 2005). "Punitive damages may be recovered when the creditor acts with actual knowledge of the violation or with reckless disregard of a protected right. . . . Some cases have imposed punitive damages where maliciousness or bad faith exists. . . . Another standard compels imposition of punitive damages 'where an arrogant defiance of federal law is demonstrated, punitive damages are appropriate.'" *In re Dynamic Tours*, 359 B.R. at 343-4 (internal citations omitted). "An award of punitive damages should be measured by the severity of the offense and set at a level adequate to insure it will punish and deter." *Id.* at 344 (citing *Flynn v. Internal Revenue Serv. (In re Matter of Flynn)* 169 B.R. 1007, 1024 (Bankr.S.D.Ga.1994)).

29. In this instance, VVO is attempting to circumvent the Discharge by pursuing PNC with respect to garnished assets that were properly exempted under relevant provisions of the Virginia Code. VVO had notice of the Debtor's bankruptcy case at least as early as December 27, 2021, as evidenced by the Bankruptcy Notice. Moreover, VVO had actual notice of the Bankruptcy Case nearly a month before the meeting of creditors and nearly three months before the deadline for filing a complaint pursuant to 11 U.S.C. § 523. Therefore, VVO was aware that Debtor had listed VVO as an unsecured creditor and had claimed the Exemptions as to the PNC Accounts. Notwithstanding actual notice of this case, VVO did not enter an appearance in the case, did not file a proof of claim, did not commence an action to determine the dischargeability of its claim and did not object to the Exemptions.

30. Because Debtor claimed the PNC Accounts as exempt property and no one timely challenged it, the PNC Accounts were no longer property of the bankruptcy estate. *See* 11 U.S.C. § 522(*l*) (" Unless a party in interest objects, the property claimed as exempt on such list is exempt."); *See e.g. Roadcap v. Harrisonburg Printing & Graphics, LLC (In re Roadcap)*, 590 B.R. 747, 752 (Bankr. W.D. Va. 2018) (the failure to timely object to the claim of exemption barred his chapter 7 trustee and creditors from challenging the act to remove the asset from administration in the bankruptcy case.) (internal citations omitted); *See e.g. In re Wilkinson,* 196 B.R. 311, 322 n.8 (Bankr. E.D. Va. 1996) (internal citations omitted) ("To the extent the debtor properly exempts the funds that have been withheld, but not yet paid over, such exemption trumps the execution lien, and the debtor is entitled to the funds. Unless, therefore, the funds

withheld have previously been turned over to the trustee, they should be paid to the debtor once the debtor's exemption is established."); *See Woodburn Vill. Condo. Unit Owners Ass'n v. Polly (In re Polly)*, No. 08-15663-SSM, 2008 Bankr. LEXIS 3995, at *16-17 n.8 (Bankr. E.D. Va. Nov. 12, 2008) (same).

31. Reopening this case will permit PNC to file an adversary proceeding seeking a declaratory judgment as to the efficacy of Debtor's Exemptions and the scope and effect of the Discharge. Without intervention from this Court, VVO will have successfully subverted the Bankruptcy Code and violated the Discharge without any repercussions.

32. Reopening this case is warranted because PNC believes that it has a sufficient likelihood of prevailing on the merits of the declaratory judgment action that it commences against VVO. PNC submits that this establishes the "other cause" necessary to reopen this case, as required by section 350(b) of the Bankruptcy Code.

## VI. CONCLUSION

WHEREFORE, for the foregoing reasons, PNC Bank, N.A., respectfully requests that this Court reopen the instant case pursuant to Section 350(b) of the Bankruptcy Code and grant such other and further relief as may be just and proper.

Dated: July 16, 2024                                Respectfully Submitted,

/s/ Robert M. Marino
Robert M. Marino, Esq.  VSB#26076
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Phone: 703-879-2676 (Direct)
Fax: 703-684-5109
Email: rmmarino@rpb-law.com
Local Counsel for PNC Bank, N.A.

Sarah S. Mattingly, Esq.
Dinsmore & Shohl LLP
PNC Tower
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Phone: 859-425-1096
Email: sarah.mattingly@dinsmore.com
Lead Counsel for PNC Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2024, I caused a true and correct copy of the foregoing *Motion to Reopen* to be served electronically through the ECF filing system upon all persons registered to receive notices in this proceeding and by email and/or first-class mail (as indicated) to the following persons:

Michael T. Freeman
Assistant United States Trustee
Email: Michael.t.Freeman@usdoj.gov

H. Jason Gold, Trustee
Email: goldtrustee@fiduciaryservicesgroup.com

Arturo Hernandez
Arturo H. Hernandez, P.C.
Counsel for Debtor
Email: attorneyarturohernandez@gmail.com

Yobani Romeo Ferman
7401 Hallmark Pl
Springfield, VA 22150

Brian R. Frank, Esq.
30 Courthouse Square, Suite 400
Rockville, MD 20850
Email: bfranklaw@yahoo.com
Counsel for Virginia Village Owner, LLC

                                              /s/ Robert M. Marino
                                              Robert M. Marino